UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

MICHAEL MURPHY,            )
                           )
    Plaintiff,             )
                           )
v.                         )    No. 2:12CV22 HEA
                           )
GARY CAMPBELL, et al.,     )
                           )
    Defendants.            )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 171394), an inmate at Northeast Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.75. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will order the Clerk to issue process or cause process to be issued on the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.75, and an average monthly balance of $0. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.75, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is

undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff, an inmate at Northeast Correctional Center ("NECC"), brings this action for monetary damages pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: Corizon, Inc., formerly known as Correctional Medical Services ("CMS"); Gary Campbell (Doctor, Corizon, Inc.); and Thomas Cabrera (Medical Director, Corizon, Inc.). Plaintiffs Cabrera and Campbell are named in their individual capacities.

In his complaint for monetary and injunctive relief, plaintiff claims that defendants Cabrera and Campbell have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Specifically, plaintiff claims that prior to 2010 he had existing injuries to both of his ankles which caused him severe pain and difficulty in ambulating. Plaintiff asserts he had previously been prescribed pain medication and specialized orthopedic shoes to deal with his disability, but that when he was transferred to NECC, defendant Cabrera refused to provide him with these measures due to the cost of the orthopedic shoes. Plaintiff asserts that defendant Campbell also bluntly denied his request for the orthopedic shoes, stating that he would not approve this method of treatment due to the cost and that he would only approve defendant Cabrera's use of the cheapest method of treatment because plaintiff would be released from prison in a couple of years.

Plaintiff states that he was provided with ankle sleeves and shoe insoles that provided him with no relief or support and in fact caused him additional pain.

Plaintiff asserts that he consistently and repeatedly complained to defendants Campbell and Cabrera that the insoles and ankle sleeves did not alleviate his pain and that he was still in severe, ongoing pain but that defendants failed and refused to provide plaintiff with any further treatment. Plaintiff asserts that his ankles and feet worsened as a result of the lack of treatment, causing severe swelling, muscle, tendon, bone and nerve damage, and that defendants still refused to provide him effective treatment and even went so far as to remove him from any effective pain prescriptions. Plaintiff claims that defendants acted with deliberate indifference to his serious medical needs, in part, due to policies maintained by their employer, Corizon, which encouraged their employers to minimize health care costs. Plaintiff additionally alleges that defendants rejected his claims for additional treatment because he had an impending release date and they made a risk assessment of the necessary medical costs versus the possibility of litigation if they failed to provide plaintiff with proper treatment.

The allegations set forth in the complaint against defendants Campbell and Cabrera state a claim for relief for deliberate indifference to plaintiff's serious medical needs, pursuant to the Eighth Amendment. As such, the Court will order the

Clerk to issue service of process on plaintiff's complaint with respect to these two defendants.

Plaintiff additionally alleges in his complaint that Corizon has a policy, or has instituted a custom, of failing to provide expensive auxiliary aides for inmates' disabilities, and that it was this policy or custom that resulted in, or was additionally responsible for, the purported violations of his constitutional rights.  Plaintiff also claims that Corizon has a monetary incentive to minimize the amount of funds spent on medical costs for the inmates, which negatively impacts the quality of medical care provided to the inmates, like himself, by the doctors employed by Corizon. Plaintiff's allegations properly state a claim against Corizon for deliberate indifference to his serious medical needs.  As such, the Court will order the Clerk to issue process on plaintiff's complaint as to defendant Corizon.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.75 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include

upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to all of the defendants. Defendants shall be served in accordance with the waiver agreement the Court maintains with Corizon, Inc./Correctional Medical Services.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

Dated this 30th day of May, 2012.

                                                HENRY EDWARD AUTREY
                                              UNITED STATES DISTRICT JUDGE